NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRANT SCREEN CRAFT, INC., | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| v. | : | **OPINION** |
| WATERMARC GRAPHICS, INC. et al, | : | Civil Action No. 10-cv-3843 (DMC)(JAD) |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendants Foot Locker Retail, Inc. ("Foot Locker") and Champs Sports ("Champs") (collectively, "Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(c). In response, Plaintiff Brant Screen Craft, Inc. ("Plaintiff" or "Brant Screen") moves for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering all submissions and based upon the following reasons, it is the decision of this Court, for the reasons herein expressed, that Defendants' motion to dismiss is **granted** and Plaintiff's motion for leave to amend the complaint is **denied**.

I. BACKGROUND[1]

Plaintiff Brant Screen is a Canadian corporation which produces print material in the form of posters and the like for promotions and advertising to retailers.[2] Foot Locker is a New York corporation

---

[1] These facts have been taken from the parties' respective submissions to this Court unless otherwise noted.

[2] About Brant, Brant Screen Craft (August 23, 2011), http://www.brantscreen.com/about/.

and leading retailer of athletic footwear and apparel. Champs is a mall-based specialty brand division of Foot Locker.[3] Defendant Watermarc Graphics, Inc. ("Watermarc") is an independent marketing communications and printing provider.[4] Watermarc serves as broker and distributor of Plaintiff's products and distributed Plaintiff's products to Defendants between October of 2009 and April of 2010. (Pl.'s Am. Compl. at ¶ 13). Plaintiff states that it has not received payment in full for services rendered. (Pl.'s Am. Compl. at ¶ 2). Plaintiff alleges that Watermarc owes $833,516.74 for goods ordered. Plaintiff attributes $710,133.73 of that sum to goods and materials that Watermarc shipped to Foot Locker.

Plaintiff's Amended Complaint suggests that Defendants are liable based on a NJUFTA violation and, alternatively alleges Defendants breached a contractual obligation. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) on January 26, 2011. Plaintiff filed a cross-motion for leave to amend the complaint on February 18, 2011.

## II.   LEGAL STANDARDS

### A. Motion to Dismiss

There is no material difference in the applicable legal standards for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss; for the sake of familiarity the "motion to dismiss" formulation will be employed by this Court. Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004). In deciding a motion to dismiss, the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the

---

[3] About Us, Foot Locker, Inc. (August 23, 2011), http://www.footlocker-inc.com/company.cfm?page=about.

[4] Who We Are, Watermarc Graphics (Accessed August 23, 2011), http://www.watermarc.com/whoweare.html.

Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. However, "[a court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, when their truth is assumed, those factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

In reviewing a motion to dismiss, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." M & M Stone Co. v. Pennsylvania, 388 Fed.Appx. 156, 162 (3d Cir. 2010).

### B. Motion for Leave to Amend Complaint

Courts will freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied where the amendment would be futile, frivolous, or a waste of time. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985). Leave may be denied where the amendments would not withstand a motion to dismiss, or in other words, where the amendments fail to state a cause of action upon which relief could be granted. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

## III. DISCUSSION

Plaintiff contends that Defendants are liable for payment due to fraudulent activity under the New Jersey Uniform Fraudulent Transfer Act ("NJUFTA"). Plaintiff bases liability on breach of an alleged

contract. Alternatively, Plaintiff argues that third party beneficiary status grants it a legal entitlement to payment from Defendants. Lastly, Plaintiff bases grounds for relief on a detrimental reliance theory, arguing that Defendants induced action for which Plaintiff could reasonably expect payment.

### A. New Jersey Uniform Fraudulent Transfer Act ("NJUFTA") Claim

Plaintiff states that the "most significant change" in the Amended Complaint is the cause of action under the NJUFTA. (Pl.'s Cross Mot. to Am. 1). The purpose of the Act is to prevent a debtor from placing his or her property beyond a creditor's reach. Gilchinsky v. Nat'l Westminster Bank N.J., 159 N.J. 463, 475 (1999). As such, a conveyance is fraudulent under the Act when a transfer is made with the "actual intent to hinder, delay, or defraud any creditor of the debtor." N.J. Stat. Ann. § 25:2-25 (1988).

Plaintiff attempts to substantiate a NJUFTA claim by coupling allegations that the Defendants failed to pay with Watermarc's failure to sue. This type of activity is beyond the scope of what the NJUFTA prohibits. Intent to "hinder, delay or defraud" is of seminal importance to a NJUFTA inquiry. The factual allegations Plaintiff presents in regards to intent include merely vague statements about Watermarc's reasons for failing to pursue legal action against Defendants and further allude to Watermarc's desire to continue to have good relations with Defendants. (Pl.'s Am. Compl. at ¶ 30). Allegations regarding *Watermarc's* intent are irrelevant to the inquiry into Defendants' intent to defraud under the NJUFTA. Plaintiff fails to offer proof tending to show Defendants' intent by, for instance, fraudulent engagement in or avoidance of any transfer. An alleged failure to pay Watermarc is not enough to rise to the level of activity prohibited by the NJUFTA and does not "raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

### B. Contract claims

#### 1. Breach of contract

Plaintiff's Amended Complaint alleges that Defendants breached a contractual obligation to see that Plaintiff gets paid through Watermarc or to pay Plaintiff directly. This court has consistently held that with respect to a suit based on a contractual duty, one must be a contracting party. Watiti v. Walden Univ., No. 07-4782, 2008 WL 2280932, at *11 n.7 (D.N.J. May 20, 2008); Portofino, LLC v. Cal., No. 05-4042, 2006 WL 3374562, at *2 (D.N.J. Nov. 21, 2006); Bocobo v. Radiology Consultants of S. Jersey, P.A., No. 02-1697, 2005 WL 3158053, at *10 (D.N.J. Nov. 21, 2005). Plaintiff must prove existence of a relationship based upon mutual agreement and an intent to be obligated to one another. Matoil Serv. & Transp. Co. v. Schneider, 129 F.2d 392, 395 (3d Cir. 1942). This privity relationship must exist for a contractual obligation, enforceable at law, to arise. Plaintiff alternatively asks the court to find a separate contract implied in fact. At its baseline a contract must have a "promissory nature" to be enforceable. Robert A. Lord, 1 Williston on Contracts § 1:1 (4th ed. 2011). Contracts implied in fact arise out of the manifestation of a consented to promise. See Matoil, 129 F.2d at 395.

Plaintiff seeks enforcement of a contract that is related to this matter and arises out of the same transaction or occurrence, but to which Plaintiff is not a party. A related contract, but one to which Plaintiff is not a party, fails to rise to the level of privity needed to form a contractual obligation. Plaintiff states that Defendants "agreed [through various representatives] to receive and pay for the various promotional materials manufactured and sent." (Pl.'s Am. Compl. at ¶ 18). Defendants counter that no contractual relationship exists beyond that between Plaintiff and Watermarc. Plaintiff's vague statement does not rise to the level of an implied contract. Plaintiff offers no further evidence to prove that a

contract was formed.[5] As broker and distributor, Watermarc directed Brant Screen to provide and ship such materials. In the absence of an implied in fact promise to pay, this Court will not find that a privity relationship exists based merely on a contract not naming the party against whom enforcement is sought.

Additionally, when the content of a contract involves the sale of goods worth over $500, New Jersey's statute of frauds applies. N.J.S.A. 12A:2-201.[6] The basis for Plaintiff's complaint rests on their sale of goods to Watermarc, received by Defendants, totaling over $800,000. The statute requires that a contract of this nature be contained in a writing indicating the contract for sale and signed by the party against whom enforcement is sought. Id. An oral contract is not a sufficient basis for a breach of contract claim when the contract involves a sale of goods over $500.

Plaintiff's breach of contract claim is dismissed for failure to prove that a valid, enforceable contract exists.

### 2. Third-Party Beneficiary Claim

Rights of a third-party to a contract are determined by the intent of the contracting parties. See Brooklawn v. Brooklawn Housing Corp., 11 A.2d 83, 85 (1940). "[New Jersey law does not] permit a suit upon a contract to be maintained by persons with whom the defendant never meant to enter into contractual relations." Batt v. Scully, 168 B.R. 541, 551 (D.N.J.,1994) (citation omitted). The fact that such a benefit exists, or that the third party is named is mere evidence, not proof, of party intention. Id.

---

[5] Even viewing the circumstances in a light most favorable to the Plaintiff, the court may not assume that Plaintiff can prove facts not alleged. Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

[6] A contract mixing goods and services falls under the UCC when the sales aspect predominates. Integrity Material Handling Sys., Inc. v. Deluxe Corp., 722 A.2d 552, 555 (A.D. 1999).

In the instant case, Plaintiff has failed to prove that the Contracting Parties actually intended to grant the Plaintiff a legally enforceable right against Defendants. Further, Plaintiff has failed to prove any status in contract law that would grant a basis to enforce Watermarc's right to payment against Defendants. This Court will not require Defendants to answer for the alleged debt of Watermarc in the absence of a showing of a contractual obligation. Plaintiff's third-party beneficiary claim is dismissed.

### 3. Quasi Contract: Quantum Meruit Claim

Plaintiff's argument for quantum meruit recovery is based on a detrimental reliance theory. The estoppel remedy for detrimental reliance is appropriate when alleged conduct, or an actual representation, naturally and probably induces action. Miller v. Miller, 478 A.2d 351, 355 (N.J. 1984). One seeking recovery must establish that: (1) he had a legitimate expectation that the beneficiary would be the party paying; and, (2) the beneficiary had notice that the creditor was expecting that payment. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 438 (1992) (citing Marta v. Nepa, 385 A.2d 727 (Del.1978); Bellanca Corp. v. Bellanca, 53 Del. 378 (1961)). "If the party conferring a benefit does so pursuant to a contract with a third party, then non-performance by the other party to the contract does not entitle the party conferring the benefit to repayment from the recipient on a theory of restitution or unjust enrichment." Insulating Contracting & Supply v. Kravco, Inc., 209 N.J. Super. 367, 378 (App. Div. 1986). District Courts have analyzed claims under this equitable theory of recovery by looking at the objective expectations of liability for payment for performance. Vimco, Inc. v. Terminal Constr. Corp., No. 10-0692, 2010 WL 2776838, at *5 (D.N.J. July 14, 2010). Further, the remedy is not appropriate for simply substituting one debtor or promise for another. Kravco, 209 N.J. Super. at 377.

Regarding the first prong of Weichert Co. Realtors test, Plaintiff has failed to state a basis for recovery under a detrimental reliance theory because there is no evidence that Plaintiff had a legitimate

7

expectation of payment from Defendants. Regarding the second prong, Defendants clearly state that they lacked knowledge and notice as to any obligation to pay Plaintiff. (Def.'s Reply Br. in Supp. of Mot. to Dismiss 4). In fact, Defendants note that Plaintiff "does not discuss the existence of any direct invoices between it and Foot Locker or Champs." Id. District Courts have found that non-performance by one party to a contract does not automatically give rise to repayment from another party who is the recipient of a conferred benefit. This Court will not deviate from that holding and applies it to the Plaintiff's claim for relief under a quantum meruit theory. This claim is hereby dismissed.

### IV.   CONCLUSION

In accordance with the foregoing, Defendants' motion to dismiss is **granted**; Plaintiff's cross-motion for leave to file an amended complaint is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:         September  12 , 2011
Original:     Clerk
cc:           All Counsel of Record
             The Honorable Joseph A. Dickson, U.S.M.J.
             File