NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRANT SCREEN CRAFT, INC.,** | Civil Action No. 10-3843 (DMC) |
| Plaintiff, | |
| v. | **OPINION** |
| **WATERMARC GRAPHICS, INC.,** | |
| Defendant. | |

**F**ALK**, U.S.M.J.**

Before the Court is Plaintiff's motion for leave to file an amended complaint. [CM/ECF No. 48.] Plaintiff seeks to add claims of fraud, fraud in the inducement, and fraudulent conveyance against Defendant Watermarc Graphics, Inc. ("Watermarc") and its president Marc Vaccaro ("Vaccaro"). The motion is opposed. No argument was heard. Fed.R.Civ.P. 78(b). For the reasons set forth below, Plaintiff's motion is **granted in part** and **denied in part without prejudice.**

**BACKGROUND**

Plaintiff, Brant Screen Craft Inc., is a Canadian Corporation that manufacturers printing materials, such as posters for promotions and advertising to retailers. (Pl.'s Compl., ¶ 6.) Defendant, Watermarc Graphics Inc., is a New Jersey Corporation which is a broker/distributor of Plaintiff's

1

products to companies such as Footlocker, Reebok, Nike, and Champs Sports. (Id. at 7.) Vaccaro, who Plaintiff seeks to add as a defendant in its proposed amended complaint, is the president of Watermarc. (Pl.'s Am. Compl., ¶ 10). Plaintiff commenced this action in July 2010 against Watermarc, Footlocker, Reebok, Nike, and Champs Sports claiming that it was not paid for various products it shipped to Watermarc for distribution. In January 2011, Footlocker and Champs filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff filed a cross-motion for leave to file an amended complaint alleging fraud, fraudulent transfer, and fraudulent conveyance against these parties. In September 2011, the Honorable Dennis M. Cavanaugh, U.S.D.J., granted Footlocker and Champs Sports' motions to dismiss, and denied Plaintiff's motion to amend. Thereafter, Plaintiff voluntarily dismissed Nike and Reebok. The sole remaining Defendant is Watermarc.

On March 22, 2012, Plaintiff filed the present motion to amend seeking to add Vaccaro as a named defendant and assert claims for: (1) fraud; (2) fraudulent conveyance; (3) fraud in the inducement against Vaccaro and Watermarc. Plaintiff alleges Vaccaro made false representations to it when he stated he could not pay his outstanding invoices because of Footlocker's failure to pay him. (Pl.'s Am. Compl., ¶ 17.) Plaintiff alleges that, in reality, Defendants were paid by Footlocker and the other retail Defendants, but kept the money.

Defendants oppose leave to amend. Defendants maintain Plaintiff's proposed fraud claims are not pled with enough particularity and are futile. (Defs.' Br. in Opp. ("Ds.' Opp.") 4.)

**STANDARD OF REVIEW**

Once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent of the court's leave." Fed.R.Civ.P 15(a)(2). The Court is to freely grant leave "when justice so requires." (Id.) The decision to grant a motion to amend a pleading rests in the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330, 91 S.Ct. 795. 28 L.Ed.2d 77 (1970). Generally, leave to amend should be granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previous amendments; or (5) futility. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir.2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive a dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 167 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J.2000) (citations omitted). "If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463,

468 (D.N.J.1990) (emphasis added); see also 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).

### DISCUSSION

Plaintiff's proposed amended complaint appears to loosely plead three fraud based causes of action: fraud; fraudulent conveyance; fraud in the inducement. However, the proposed pleading confusingly lumps the three "claims" under a single heading. The proposed complaint does not identify, to the Court's satisfaction, which numbered allegations comprise each supposed cause of action. For purposes of analysis, the Court has divided the claims as the parties have and addresses them, as best as possible, below.

**Common Law Fraud**

A party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this standard, a party must "plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir.2007).

For the purposes of this motion to amend, Plaintiff's proposed common law fraud claim is pled with enough particularity so that the Court cannot conclude it is "clearly futile," in the context of the motion to amend. Harrison Beverage Co., 133 F.R.D. at 468. This is so for several reasons. First, Plaintiff provides a time period (November 2009) in which such statements were allegedly made by Vaccaro. (Pl.'s Am. Compl., ¶ 18.) Plaintiff also alleges with some particularity the substance of what was said by Defendant to representatives of Plaintiff. In particular, Plaintiff

4

alleges that Defendant told Plaintiff's representatives he could not pay his outstanding invoices because of Footlocker's failure to pay him, and he would pay all sums once he was paid by the other vendors. (Id.)

Second, Plaintiff's proposed amended complaint adequately describes with some particularity the "'circumstances' of the alleged fraud." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d. Cir.1984). This is adequate to place the defendants on notice of the precise misconduct with which they are charged. (Id.) Plaintiff's proposed pleading alleges Vaccaro, as President of the company, made statements to Plaintiff in a particular time period and is able to allege with specificity the statements that were made. (Pl.'s Am. Compl., ¶ 18.) For purposes of this motion, the Court is satisfied that Defendants are sufficiently on notice of the alleged fraud claim when provided with the time period and particular statements made. Thus, Plaintiff's proposed fraud claim satisfies Rule 9(b)'s requirements.[1]

**Other Fraud Claims**

Plaintiff's proposed claims for "fraud in the inducement" and "fraudulent conveyance" are not pled with enough particularity to satisfy the requirement set forth by Rule 9(b). Indeed, it is hard to discern which paragraphs of Plaintiff's proposed complaint allege the necessary facts to plead these claims. With respect to fraudulent conveyance, Plaintiff generally pleads conclusory statements that Defendant transferred money without providing any other information. (Pl.'s Am. Compl., ¶¶ 22, 23.) No specificity is provided; no date, time, or precise facts are provided for the

---

[1] Defendants are free to respond to the proposed amended complaint in any way they wish, including with a pre-answer motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Nothing in this opinion should be construed to impact that analysis.

5

claim. With respect to fraud in the inducement, Plaintiff simply states Defendant made false statements claiming he was not paying Plaintiff because Footlocker was not paying him. (Id. at 21.) Again, this is conclusory and lacks the specificity required by Rule 9(b). In sum, such allegations fail to put "defendants on notice of the precise misconduct with which they are charged." Seville Indus. Machinery Corp., 742 F.2d at 791. As a result, Plaintiff's request to amend its complaint to include claims for fraud in the inducement and fraudulent conveyance is denied without prejudice. Plaintiff may seek to renew its motion as to these claims if they can be pleaded with more specificity.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is **granted in part** and **denied in part**. Plaintiff's request to amend to include a claim of common law fraud is **granted**. Plaintiff's request for leave to assert claims of fraud in the inducement and fraudulent conveyance is **denied without prejudice**.

        s/Mark Falk
       **MARK FALK**
       **United States Magistrate Judge**

**Dated: June 28, 2012**